# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:07cr77 |
| | § | (Judge Schell) |
| PAULA ELAINE SMITH (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 19, 2011, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Stevan Buys.

On April 1, 2008, Defendant was sentenced by the Honorable Marcia A. Crone to sixty (60) months' custody followed by three (3) years of supervised release for the offense of Conspiracy to Possess, Steal, or Receive Stolen Mail Matter. On August 18, 2008, the sentence was amended to thirty (30) months' imprisonment followed by three (3) years of supervised release. On June 22, 2009, Defendant completed her period of imprisonment and began service of her supervised term. On August 25, 2010, this case was reassigned to the Honorable Richard A. Schell.

On November 1, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following standard conditions: (1) the defendant shall not leave the judicial district without permission of the Court or probation officer; (2) the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month; (3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (5) the defendant shall notify the probation officer ten days prior to any change of residence or employment; and (6) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The petition alleges violation of the following special conditions: (1) the defendant shall provide the probation officer with access to any requested financial information for the purposes of monitoring the defendant's efforts at obtaining and maintaining lawful employment; (2) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (3) under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (4) the defendant must make restitution in the amount of $4,967.55. Restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income.

The petition alleges that Defendant committed the following acts: (1) During July and August 2010, Defendant resided at various times in Dallas, Texas, without permission of the U.S. Probation Office; (2) Defendant failed to report in person to the U.S. Probation Office on October 1, 2010, and October 19, 2010. Defendant failed to submit a monthly report for the month of September 2010. Defendant submitted delinquent written monthly reports for the months of May, June, and August 2010; (3) In June 2010, Defendant quit her job at K&D Plastics in Gainesville, Texas, and has failed to maintain employment since. Defendant failed to notify her probation officer ten days prior to or

after terminating employment; (4) On September 16, 2010, a home visit was conducted and contact was made with the Defendant and her live-in boyfriend, Ardis Williams. Defendant and Mr. Williams stated that Mr. Williams only had a misdemeanor arrest history. However, NCIC criminal history was obtained and showed Mr. Williams to have a felony conviction for Possession of a Controlled Substance; (5) On October 13, 2010, Defendant was instructed to complete and return a personal financial packet by October 28, 2010, which Defendant failed to do; (6) Defendant failed to submit random urine specimens at McCary Counseling Services, Denton, Texas, on July 18, 2009; September 22, 2010; and October 6, 21, and 25, 2010; (6) On July 28, 2010, Defendant requested she receive mental health counseling. Defendant was referred to Dr. Clower, in Denton, Texas. As of this date, Defendant failed to schedule an evaluation and has been unsuccessfully discharged; and (7) On July 28, 2009, Defendant signed a payment agreement in which she agreed to pay $50 a month starting on September 1, 2009. Since starting her term of supervised release, Defendant has paid $2,075. Defendant has failed to make payments for the months of April, May, June, July, August, September, and October 2010, and an outstanding balance of $2,917.55 remains.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months followed by twenty-four (24) months of supervised release. It is also recommended that Defendant be housed in the Bureau of Prisons, Bryan Unit.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment.

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

It is further ordered that the defendant is to pay restitution totaling $4,967.55 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is

payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 24th day of January, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE